IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-03099-PAB-SBP

SHAUN CLARK,

    Plaintiff,

v.

TANNER J. CREIGHTON,
WILFRED EUROPE,
ANTHONY ANDAZOLA,
MEREDITH BLANTON,
ADAMS COUNTY SHERIFF'S DEPARTMENT,
ADAMS COUNTY DETENTION FACILITY, and
DORIS DEDIC,

    Defendants.

---

# ORDER

---

This matter comes before the Court on Plaintiff's Motion for Preliminary Injunction [Docket No. 114]. Defendants Tanner Creighton, Wilfred Europe, Marilyn Blanton, Anthony Andazola, Adams County Sheriff's Department and Adams County Detention Facility (collectively, the "Adam County Defendants") filed a response. Docket No. 117. Defendant Doris Dedic did not file a response.

## I. BACKGROUND

On April 21, 2025, plaintiff Shaun Clark[1] filed his amended complaint against the Adams County Defendants and Ms. Dedic. Docket No. 96. Plaintiff asserts claim under

---

[1] Because plaintiff is proceeding pro se, the Court construes his pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the Eighth and Fourteenth Amendment of the United States Constitution and the Prison Rape Elimination Act ("PREA").  *See id.* at 2.  Plaintiff's claims arise out of an alleged "strip search" performed on October 16, 2023 while he was incarcerated at the Adams County Detention Facility ("ACDF").  *See id.* at 1.  Plaintiff alleges that Deputy Creighton engaged in "a clear act of sexual misconduct" during the search and plaintiff filed a PREA complaint in response.  *See id.*  Plaintiff alleges that jail officials threatened and questioned him regarding his PREA complaint, causing plaintiff to "live in fear for six months, knowing that Defendants had complete control over his confinement and could retaliate further."  *See id.* at 2.  He alleges that "Defendants cut off all external means of reporting the sexual misconduct, violating PREA's requirement to provide multiple, confidential reporting mechanisms."  *Id.*

## II. LEGAL STANDARD

To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)).  "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."  *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted).  Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian*

*Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

### III.     ANALYSIS

Plaintiff seeks a preliminary injunction requiring ACDF to undergo a third-party "independent PREA Audit" and "comply with PREA standards, including the establishment of a formal complaint process for sexual misconduct. Docket No. 114 at 2. The Adams County Defendants argue that plaintiff cannot demonstrate a likelihood of success on the merits, for the reasons described in the Adams County Defendants' motion to dismiss. Docket No. 117 at 3-4 (citing Docket No. 98). They claim that plaintiff cannot demonstrate irreparable harm because plaintiff is no longer incarcerated at ACDF and, therefore, cannot show that he will be harmed by ACDF's alleged failure to comply with PREA. *See id.* at 4-5. The Adams County Defendants further argue that a balance of the hardships and the public interest weigh against a preliminary injunction. *See id.* at 5. Finally, they state that plaintiff fails to meet the heightened burden necessary for a preliminary injunction that changes, rather than preserves, the status quo. *See id.* at 6-7.

The Court first considers whether plaintiff has shown that he will suffer irreparable harm if the preliminary relief he seeks is not granted. "Because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements . . . will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citation omitted). "The

3

party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (citation and alteration omitted). "Irreparable harm is not harm that is 'merely serious or substantial.'" *Id*. (*quoting Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001)).

Plaintiff argues that he faces irreparable harm because the "ongoing lack of PREA compliance at ACDF continues to pose a threat to the safety and well-being of inmates, including Plaintiff." *See* Docket No. 114 at 2. The Court finds that plaintiff fails to show that he is likely to be injured by ACDF's alleged failure to comply with PREA because he is no longer incarcerated at ACDF. On March 27, 2024, plaintiff informed the Court that he was released on parole. *See* Docket No. 20. Because plaintiff is no longer incarcerated at ACDF, plaintiff fails to show that he will likely be subjected to harm that flows from ACDF allegedly failing to comply with PREA. To the extent that plaintiff seeks preliminary relief on behalf of other inmates, plaintiff cannot do so because he cannot represent others as a pro se party and he does not have standing to do so. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); see *also Williams v. Corr. Med. Servs.*, 166 F. App'x 882 (8th Cir. 2006) (unpublished) ("Williams has no standing here to seek injunctive relief on behalf of other inmates."); *Npimnee v. Andrews*, 2023 WL 3645682, at *2 (D. Neb. May 25, 2023) ("To the extent Plaintiff seeks injunctive relief on behalf of other inmates facing a potential threat of harm, Plaintiff has no standing here to seek injunctive relief on behalf of other

4

inmates.") (internal quotation, alteration, and citation omitted); *Lowe v. Oppy*, 2015 WL 1439345, at *1-2 (S.D. Ohio Feb. 10, 2015), *report and recommendation adopted*, 2015 WL 1439325 (S.D. Ohio Mar. 27, 2015) (agreeing with defendant's argument that "Plaintiff lacks standing to request injunctive relief on behalf of other inmates").

Because plaintiff fails to shows a likelihood that he will suffer irreparable harm absent preliminary relief, the Court will deny his motion.[2]

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Motion for Preliminary Injunction [Docket No. 114] is **DENIED**.

DATED October 9, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[2] *State v. EPA*, 989 F.3d 874, 890 (10th Cir. 2021) ("When the failure to satisfy one factor is dispositive, a court need not consider the other factors."); *Fasi v. HSBC Bank USA, N.A.*, No. 12-cv-03290-PAB-MJW, 2013 WL 50434, at *3 (D. Colo. Jan. 3, 2013) ("The Court need not reach the other factors of the inquiry because, absent a showing of irreparable harm, Ms. Fasi does not provide sufficient support for issuance of injunctive relief." (citing *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1172 (7th Cir. 1997) ("a plaintiff who cannot show any irreparable harm at all from the withholding of a preliminary injunction is not entitled to the injunction however strong his case on the merits, for he has no need for preliminary relief in such a case, no need therefore to short circuit the ordinary processes of the law.")).